ORDERED.

Dated: **May 09, 2019**

_____
Karen S. Jennemann
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

Thomas Conroy O'Donnell, III and          Case No.: 6:19-bk-00423-KSJ
Theresa Christine O'Donnell,                       Chapter 7

           Debtors.
_____/

**ORDER GRANTING UNITED STATES TRUSTEE'S MOTION TO COMPEL DEBTORS TO PRODUCE DOCUMENTS REQUESTED AND APPEAR FOR EXAMINATION PURSUANT TO NOTICE OF RULE 2004 EXAMINATION**

     THIS CASE came before the Court without a hearing for consideration of the United States Trustee's Motion to Compel Debtors to Produce Documents Requested and Appear for Examination Pursuant to Notice of Rule 2004 Examination (Doc. No. 28; the "Motion"). The Court, having considered the Motion, the circumstances of the instant case, and that the Debtors did not file an objection to the Motion within the 14-day negative notice period which expired on May 3, 2019, it is

     **ORDERED**:

     1.    The Motion (Doc. No. 28) is GRANTED.

2. The Debtors, Thomas Conroy O'Donnell, III and Theresa Christine O'Donnell ("Debtors"), shall have until noon on May 31, 2019 to produce to the United States Trustee the requested documents as delineated on Exhibit A and incorporated herein.

3. The Debtors shall appear at the Rule 2004 examination on June 5, 2019 at 9:00 a.m. located at the Office of the United States Trustee, 400 West Washington Street, Suite 1100, Orlando, Florida 32801.

4. If a Debtor fails to obey this order, he/she may be found in contempt of Court. Penalties for contempt include, but are not limited to, arrest and imprisonment, fines, and/or a judicial finding that the Debtors' debts are forever non-dischargeable in bankruptcy.

# # # #

The Clerk is directed serve a copy of this order on Thomas Conroy O'Donnell, III and Theresa Christine O'Donnell.

## EXHIBIT A

## INSTRUCTIONS AND DEFINITIONS

(a) Whenever reference is made to a person, it includes any and all of such person's principals, employees, agents, attorneys, consultants and other representatives.

(b) In the event that the Debtors, Thomas Conroy O'Donnell, III and Theresa Christine O'Donnell, are able to provide only part of the document(s) called for in any particular request, provide all document(s) that Debtors are able to provide and state the reason, if any, for the inability to provide the remainder.

(c) "Document(s)" means all materials within the full scope of Rule 34 of the Federal Rule of Civil Procedure including but not limited to: all writings and recordings, including the originals and all non- identical copies, whether different from the original by reason of any notation made on such copies or otherwise (including but without limitation to, email and attachments, correspondence, memoranda, notes, diaries, minutes, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, tags, labels, invoices, brochures, periodicals, telegrams, receipts, returns, summaries, pamphlets, books, interoffice and intraoffice communications, offers, notations of any sort of conversations, working papers, applications, permits, file wrappers, indices, telephone calls, meetings or printouts, teletypes, telefax, invoices, worksheets, and all drafts, alterations, modifications, changes and amendments of any of the foregoing), graphic or aural representations of any kind (including without limitation, photographs, charts, microfiche, microfilm, videotape, recordings, motion pictures, plans, drawings, surveys), and electronic, mechanical, magnetic, optical or electric records or representations of any kind (including without limitation, computer files and programs, tapes, cassettes, discs, recordings), including metadata.

(d) If any document is withheld from production under a claim of privilege or other exemption from discovery, state the title and nature of the document, and furnish a list signed by the attorney of record giving the following information with respect to each document withheld:

(i) the name and title of the author and/or sender and the name and title of the recipient;
(ii) the date of the document's origination;
(iii) the name of each person or persons (other than stenographic or clerical assistants) participating in the preparation of the document;
(iv) the name and position, if any, of each person to whom the contents of the documents have heretofore been communicated by copy, exhibition, reading or substantial summarization;
(v) a statement of the specific basis on which privilege is claimed and whether or not the subject matter or the contents of the document is limited to legal advice or information provided for the purpose of securing legal advice; and
(vi) the identity and position, if any, of the person or persons supplying the attorney signing the list with the information requested in subparagraphs above.

(e) "Relate(s) to," "related to" or "relating to" means to refer to, reflect, concern, pertain to or in any manner be connected with the matter discussed.

(f) Every request herein shall be deemed a continuing request and Debtors are to supplement their responses promptly if and when she obtains responsive documents which add to or are in any way inconsistent with Debtors' initial production.

(g) These requests are not intended to be duplicative. All requests should be responded to fully and to the extent not covered by other requests. If there are documents that are responsive to more than one request, then please so note and produce each such document first in response to the request that is more specifically directed to the subject matter of the particular document.

(h) Any word written in the singular herein shall be construed as plural or vice versa when necessary to facilitate the response to any request.

(i) "And" as well as "or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the request all responses which otherwise might be construed to be outside its scope.

(j) "Debtors" shall mean Thomas Conroy O'Donnell, III and Theresa Christine O'Donnell.

(k) "UST" shall mean United States Trustee and all employees, agents, representatives, or other persons acting or purporting to act on its behalf during the relevant period.

(l) "Tax return" shall mean any return filed by the Debtors including all schedules, attachments and W-2's/1099's/K-1's (where applicable).

(m) "Means Test" shall mean Official Form 122A-1 and 122A-2 and any amendments thereto filed by the Debtors in this case.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK – Document List Follows.]

# DOCUMENTS TO BE PRODUCED

The examination witnesses, Thomas Conroy O'Donnell, III and Theresa Christine O'Donnell ("<u>Debtors</u>"), shall produce the following things and make them available for inspection and copying at the **Office of the United States Trustee located at 400 W. Washington Street, Suite 1100, Orlando, Florida 32801**:

1. All bank statements and financial account records including check registers for any and all accounts held in either Debtor's name whether held jointly or individually, including any and all accounts in which either or both have signatory rights, for the period of July 1, 2018 through and including the date of response.

2. All bank statements and financial account records including check registers for any and all accounts held in the name of O'Donnell's Glass, LLC, for the period of July 1, 2018 through and including the date of response.

3. All payment advices, timesheets, billing statements or other documentation relating to or evidencing all sources of income (including rental income and contributions from friends/family) received by the Debtors for the period after July 1, 2018 through and including the date of response.

4. Copy of Debtors' signed and completed 2017 Tax Return and 2018 Tax Return, as filed with the Internal Revenue Service (if filed) including schedules, attachments, and W-2's, 1099's, K-1's.

5. QuickBooks report or other accounting report evidencing gross receipts and disbursements (include source of receipts and entity disbursements made to) of O'Donnell's Glass, LLC for the period of July 1, 2018 through and including the date of response.

6. Account statements as to PayPal and Ripple (payment system as well as currency and distribution currency exchange) [if applicable] for the Debtors and O'Donnell's Glass, LLC for the period of July 1, 2018 and including the date of response.

7. Documents that evidences the amount of the Debtors' regular monthly mortgage payment and proof of most recent payment.

8. Copy of the credit report for Theresa Christine O'Donnell.

9. Copy of the credit report for Thomas Conroy O'Donnell, III.